# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Charlotte Mattice,

                            Plaintiff,

                                                    Civ. No. 03-1060 (RHK/JSM)
v.                                                  **MEMORANDUM OPINION**
                                                    **AND ORDER**

Equifax d/b/a Equifax Credit
Information Services, CSC Credit
Services, Inc., and MBNA
America, N.A.,

                            Defendant.

---

Thomas J. Lyons, Sr., Thomas J. Lyons & Associates, Little Canada, Minnesota; Thomas J. Lyons, Jr. and John Goolsby, Consumer Justice Center, P.A., Little Canada, Minnesota, for Plaintiff.

Lora Esch Mitchell and Molly O'Brien Loussaert, Fredrikson & Byron, P.A., Minneapolis, Minnesota, for Defendant MBNA, America, N.A.

---

## Introduction

This matter comes before the Court on Defendant MBNA America, N.A.'s ("MBNA") Motion to Dismiss. Plaintiff Charlotte Mattice ("Mattice") has sued MBNA alleging five common law claims arising out of a credit report stating that Mattice was bankrupt when she allegedly was not. MBNA has moved to dismiss on the grounds that (1) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681v, preempts

JUN 1 3 2003

FILED_____
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK_____

Mattice's state law claims, and (2) "tortious interference with credit expectancy" is not a recognized tort in Minnesota. For the reasons set down below, the Court will deny MBNA's motion.

## Standard of Decision

"Dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and destined to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001). A cause of action "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 740 (8th Cir. 2002) (internal citations omitted) (citing Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993)). In analyzing the adequacy of a complaint's allegations under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those allegations. See Turner v. Holbrook, 278 F.3d 754, 757 (8th Cir. 2002).

## Analysis

MBNA argues that dismissal is appropriate for three reasons. First, it asserts that Mattice's state law claims are preempted by § 1681t(b)(1)(F), the FCRA's absolute immunity provision. Second, MBNA argues that even if § 1681t(b)(1)(F) does not apply, Mattice's claims are still preempted under the more limited immunity of § 1681h(e).

Third, MBNA contends that Mattice has failed to state a claim with regard to her allegations of "tortuous interference with credit expectancy."

## I.   Preemption Under § 1681t(b)(1)(F)

MBNA contends that Mattice's common law claims are preempted by absolute immunity provisions of the FCRA. See 15 U.S.C. § 1681t(b)(1)(F). The doctrine of preemption derives from the Supremacy Clause of Article VI of the United States Constitution.[1] "Pre-emption may be either express or implied, and is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose." Fidelity Fed. Sav. & Loan Ass'n v. De La Cuesta, 458 U.S. 141, 152-53 (1982) (internal quotations omitted).

The FCRA contains two, arguably overlapping, preemption provisions. Section 1681h(e) is the FCRA's original preemption section. In it, Congress preempted all state actions against the furnishers of credit information that are "in the nature of defamation, invasion of privacy, or negligence . . . except as to false information furnished with malice or willful intent [to] injure [the] customer." 15 U.S.C. § 1681h(e). Section 1681h(e), therefore, permits state actions to survive a motion to dismiss, so long as their proponents allege malice or willful intent.

In the Consumer Credit Reporting Reform Act of 1996, however, Congress added

---

[1] Article VI of the United States Constitution provides, in pertinent part, that the laws of the United States "shall be the supreme Law of the Land." U.S Const., art. VI, § 1, cl. 2.

3

a new preemption provision.  Section 1681t(b)(1)(F) provides, in pertinent part:

> No requirement or prohibition may be imposed under the laws of any State . . .
> with respect to any subject matter regulated under . . . section 1681s-2 of this title,
> relating to the responsibilities of persons who furnish information to consumer
> reporting agencies, except that this paragraph (i) shall not apply with respect to
> section 54A(a) of chapter 93 of the Massachusetts Annotated Laws . . .; (ii) with
> respect to section 1785.25(a) of the California Civil Code . . . .

15 U.S.C. § 1681t(b)(1)(F).  The absolute immunity provided by § 1681(b)(1)(F) is in

apparent conflict with the more limited immunity of § 1681h(e).

MBNA argues that this Court should, in essence, read § 1681t(b)(1)(F) as

completely subsuming the earlier § 1681h(e).  A few courts have followed this analysis.

See Hasvold v. First USA Bank, 194 F. Supp. 2d 1228, 1239 (D. Wyo. 2002) (dismissing

state claims because "federal claims under the FCRA preempts plaintiff's claims against

the defendant relating to it as a furnisher of information"); Jaramillo v. Experian Info.

Solutions, Inc., 155 F. Supp. 2d 356, 363 (E.D. Pa. 2001) (vacated upon reconsideration)

("The plain language of 1681t(b)(1)(F) clearly eliminated all state causes of action against

furnishers of information, not just ones that stem from statutes that relate specifically to

credit reporting.  To allow causes of action under state statutes that do not specifically

refer to credit reporting, but to bar those that do, would defy the Congressional rationale

for the elimination of state causes of action.").  Under MBNA's rationale, the absolute

immunity of § 1681t(b)(1)(F) would render the limited immunity of § 1681h(e)

superfluous.

This Court, however, is under an obligation to avoid engaging in statutory construction that renders any portion of a statute meaningless. "A statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." United States v. Campos-Serrano, 404 U.S. 293, 301 n.14 (1971). The Eighth Circuit long ago adopted this "whole act" approach to interpreting statutes:

> In construing the statute, we adhere to the basic canon of construction observed in Richards v. United States: "We believe it fundamental that a section of a statute should not be read in isolation from the context of the whole Act, and that in fulfilling our responsibility in interpreting legislation, 'we must not be guided by a single sentence or member of a sentence, but [should] look to the provisions of the whole law, and to its object and policy.'" 369 U.S. 1, 11, 82 S. Ct. 585, 591, 7 L.Ed.2d 492 (1962).

State Highway Comm'n v. Volpe, 479 F.2d 1099, 1111-12 (8th Cir. 1973); see also Minnesota Ass'n of Nurse Anesthetists v. Allina Health System Corp., 276 F.3d 1032, 1043 (8th Cir. 2002) (restating the Eighth Circuit's adherence to this rule). Thus, this Court must, if possible, give force to both preemption sections.

Mattice proposes that this Court adopt the analytical approach set forth by the District of Kansas in Aklagi v. Nationscredit Financial, 196 F. Supp. 2d 1186, 1194 (D. Kan. 2002). The key insight of the Aklagi court was that the FCRA's two preemption provisions regulate "two distinct time periods." Id. This approach stems from the language of § 1681t(b)(1)(F) that provides for absolute immunity "with respect to any matter *regulated by section 1682s-2* . . . relating to the responsibilities of persons who

5

furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F)

(emphasis added).  Because § 1681s-2 is not implicated for the purpose of a consumer

suit *prior* to the receipt of notice, lawsuits involving the "time period [that] begins at the

moment of . . . the inaccuracy in the [plaintiff's] credit report, and ends when notice of

the dispute is received by the consumer reporting agency," <u>Vazquz-Garcia v. Trans Union</u>

<u>de Puerto Rico</u>, 222 F. Supp. 2d 150, 162 (D.P.R. 2002), are governed by the broader

limited immunity provision of § 1681h(e).  Conversely, the absolute immunity provision

of § 1681t(b)(1)(F) regulates the time period that "commences *after* the consumer

reporting agency receives notice of the consumer's dispute," <u>id.</u>, which is a "matter

regulated by section 1682s-2," 15 U.S.C. § 1681t(b)(1)(F).

     The Court adopts the <u>Aklagi</u> approach.  <u>See also</u> <u>Vazquez-Garcia</u>,  222 F. Supp. 2d

at 162 (following <u>Aklagi</u>); <u>Mendoza v. Experian Information Solutions, Inc.</u>, 2003 WL

2005832 *4 (S.D. Tex. Mar. 25, 2003) (noting <u>Aklagi</u> offers a "more convincing

interpretation" than cases reading § 1681t(b)(1)(F) as preempting all state causes of

action).  The Court finds <u>Aklagi</u> to be more persuasive because it gives life to both

preemption provisions.

     Here, Mattice does not allege that MBNA ever received notice of the dispute.

Thus, under the Court's reading of the statute, her claim is outside the ambit of § 1682s-2

and not preempted by § 1681t(b)(1)(F).

## II.   Preemption Under § 1681h(e)

In the alternative, MBNA argues that even if the absolute immunity of §

1681t(b)(1)(F) does not apply, Mattice's claims are still preempted under § 1681h(e).

Under that limited immunity provision, Congress preempted all state actions against the

furnishers of credit information that are

> in the nature of defamation, invasion of privacy, or negligence with respect to the
> reporting of information. . . based on information disclosed pursuant to § 1681g,
> 1681h, or 1681m of this title, or based on information disclosed by a user of a
> consumer report to or for a consumer against whom the user has taken adverse
> action, based in whole or in part on the report except as to false information
> furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e).  In response, Mattice argues that (1) it has alleged malice, and (2)

1681h(e) does not apply because her claims are "not based on a disclosure pursuant to 15

U.S.C. §§ 1681g, 1681h, or 1681m, or 'by a user of a consumer report to or for a

consumer against whom the user has taken adverse action, based in whole or in part on

the report.'"  (Pl.'s Mem. Opp'g Mot. to Dismiss at 13.)

In its moving papers, MBNA asserts that Mattice has failed to allege facts

sufficient to demonstrate malice or an intent to injure.  To support its argument, MBNA

relies exclusively on this Court's holding in Olwell v. Medical Information Bureau, 2003

WL 79035, at *5 (D. Minn. Jan. 7, 2003) (Tunheim, J.).  In Olwell, this Court held that

summary judgment was appropriate where the plaintiff had failed to produce evidence of

malice or willful intent to injure.  See id. at *5.  While this Court did, indeed, so hold,

Olwell was decided on *summary judgment* rather than a motion to dismiss. Here, at the pleadings stage, Mattice's allegation that MBNA's conduct was "intentional, deliberate and malicious" is more than sufficient to survive a motion to dismiss, and MBNA cites no authority indicating otherwise.[2]

**III.    Tortious Interference with Credit Expectancy**

Finally, MBNA has also moved to dismiss Mattice's claim for "tortious interference with credit expectancy" on the ground that it is not a recognized tort under Minnesota law. This claim, however, merely artfully relabels the well-established tort of interference with *economic* expectancy, which has long been established in Minnesota. See, e.g., United Wild Rice, Inc. v. Nelson, 313 N.W.2d 628, 632-33 (Minn 1982). The ability obtain credit has a clear economic impact, and the Court easily finds that this claim is not so confusing as to fail to put MBNA on proper notice. Dismissal is therefore inappropriate.

---------------

[2] Mattice argues, in the alternative, that she is not required to plead malice in this instance because her claim was not "based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action." 15 U.S.C. § 1681h(e). This argument has its appeal. While the Court is satisfied, however, that her claim was not "based on information disclosed pursuant to section 1681g, 1681h, or 1681m," it is unclear from the allegations in the Complaint whether this action is "based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action." Id. Because the Court finds that Mattice has adequately pled malice, it need not reach whether such pleading was, in fact, required, and therefore leaves that question for another day.

8

## Conclusion

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS**

**ORDERED** that Defendant MBNA's Motion to Dismiss  (Doc. No. 5) is **DENIED.**


Date: June 13, 2003

RICHARD H. KYLE
United States District Judge

9